**FAMOUS MUSIC CORPORATION et al.,**
**Plaintiffs,**

v.

**Zoy J. MAHOLIAS, Defendant.**

**No. 71–C–206.**

United States District Court,
E. D. Wisconsin.

Oct. 13, 1971.

Quarles, Herriott, Clemons, Teschner & Noelke, by Charles Q. Kamps and William A. Stearns, Milwaukee, Wis., for plaintiffs.

Harry T. Christon, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to join ASCAP as an indispensable party in this action. The plaintiffs allege that they are the owners of certain copyrighted music, which they claim the defendant has infringed. The latter seeks to have ASCAP added as a party on the ground that a complete determination of the controversy cannot be had without its presence under Rule 19(a), Federal Rules of Civil Procedure.

A difficulty that arises from the defendant's motion stems from the fact that the plaintiffs have claimed that they are principals, i.e. the owners of the copyright, and that ASCAP is only a licensing agent; since the principals are parties to the law suit, it is not clear why the agent must be brought in. In Leo Feist, Inc. v. Young, 138 F.2d 972 (7th Cir. 1943), the court of appeals resolved this matter adversely to the defendant's application. At page 974, the court said:

"In answer to defendant's contention that the plaintiff may not maintain this action because it is not the real party in interest, we think the Copy-

right Act gives the right to sue for infringement to the copyright proprietor, 17 U.S.C.A. § 25, and since plaintiff is the proprietor, it may sue. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 474, 475, affirmed 4 Cir., 2 F.2d 1020; cf. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 40, 43 S. Ct. 254, 67 L.Ed. 516. Even if the Copyright Act did not provide that such actions may be brought by the copyright proprietor, plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff."

The defendant has cited no authority to justify his contention that Mr. Maholias is entitled to have ASCAP included in this action. The court has found no support for such joinder, and accordingly, the motion will not be granted.

Now, therefore, it is ordered that the defendant's motion to join ASCAP as an indispensable party be and hereby is denied.