**HULEX MUSIC, et al., Plaintiffs,**

v.

**C.F. MAINTENANCE & PROPERTY MANAGEMENT, INC., et al., Defendants.**

**No. CV. 86–0–991.**

United States District Court.
D. Nebraska.

April 8, 1987.

John D. Hartigan, Jr., Omaha, Neb., Bernard Korman, Emily Kraus, New York City, for plaintiffs.

Paul R. Elofson, Omaha, Neb., for defendants.

STROM, District Judge.

This matter is before the Court upon the motion of defendant C.F. Maintenance for an order joining the American Society of Composers, Authors and Publishers (hereinafter ASCAP) as defendant (Filing No. 11).

This is a copyright infringement action by seven copyright owners seeking injunctive relief, statutory damages, costs and attorney fees for infringement by unauthorized public performance of plaintiffs' copyrighted songs at defendants' establishment, the Crazy Horse Saloon in Omaha. Defendant C.F. Maintenance seeks leave to file a counterclaim[1] and cross-claim alleging that ASCAP wrongfully refused to offer defendants the form of ASCAP agreement for a restaurant/tavern as opposed to that for a hotel/motel.

■ In opposition to defendants' motion to join ASCAP as a party defendant, plaintiffs have submitted the affidavit of Barry Knittel, ASCAP's Director of National Sales of General Licensing. Plaintiffs have shown, inter alia, that plaintiffs own the copyrights on the eight songs in suit and have granted a nonexclusive right to license non-dramatic performances of all their copyrighted songs to ASCAP.

Title 17, U.S.C. § 501(b) provides:

The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right

committed while he or she is the owner of it. . . . The Court may require the joinder, and shall permit the intervention, of any person having or claiming interest in the copyright.

17 U.S.C. § 501(b). ASCAP is not the legal or beneficial owner of the copyright, nor does ASCAP have or claim an interest in it. As a licensing agent of each plaintiff, ASCAP is not a real party in interest and is, therefore, not an indispensable party or necessary party under Rule 19. *Famous Music Corp. v. Zoy J. Maholias*, 53 F.R.D. 364, 365 (E.D.Wis.1971).

■ Furthermore, permissive joinder is not proper in this case. Fed.R.Civ.P. 20 provides, in pertinent part:

(a) Permissive Joinder. . . . All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). The "occurrence" at issue is defendants' alleged infringement of plaintiffs' copyrights. The claim C.F. Maintenance seeks to assert against plaintiffs and ASCAP arises out of ASCAP's licensing activities. Plaintiffs' infringement claims may be adjudicated without ASCAP's participation. The Court can see no reason for joinder of ASCAP under Rule 20.

Moreover, the defendants' allegations against ASCAP involve interpretation and application of the consent decree and amended final judgment issued in *United States v. ASCAP*, 1950–51 Trade Cas. (CCH) ¶ 62,595, § XVII (S.D.N.Y.1950). In

---

1. Leave of Court is not required if defendant merely seeks to plead a counterclaim against plaintiffs. Defendant C.F. Maintenance has included the counterclaim in the proposed counterclaim and cross-claim against ASCAP. The counterclaim will be treated as if it had been filed and plaintiffs' resistance thereto will be treated as a motion to dismiss. Defendant C.F. Maintenance has been afforded an opportunity to respond to plaintiffs' assertions (Filing No. 17), but has filed no response, counter-affidavits or other evidence.

that case, the District Court for the Southern District of New York retained jurisdiction over challenges to ASCAP licensing practices. Id. at 63,754. Because the consent decree comprehensively regulates AS-CAP's licensing activities, any challenges to those activities will necessarily implicate provisions of the consent decree. Allowing litigation of claims against ASCAP in courts other than the District Court for the Southern District of New York gives rise to the possibility that ASCAP will be bound to follow two or more conflicting judgments. It thus appears that this Court should properly defer to the jurisdiction of the Southern District of New York.

■ With respect to defendants' counterclaim against plaintiffs, the counterclaim contains no allegation of any wrongdoing on the part of any plaintiff and no allegations that any plaintiff has harmed defendant. Defendant alleges no more than that plaintiffs are members of ASCAP. Defendants' allegations are statements of a grievance against ASCAP for perceived improper refusal to enter into the allegedly proper form of agreement. The Court does not perceive such allegations to constitute a valid defense to plaintiffs' claims of copyright infringement herein. On its face, the counterclaim fails to state a cognizable claim against the plaintiffs. Accordingly,

IT IS HEREBY ORDERED that defendant C.F. Maintenance's motion for an order joining ASCAP as party defendant is denied; defendant C.F. Maintenance's counterclaim is dismissed.