Ric OCASEK, Bruce Springsteen, Ackee Music, Inc. and Van Halen Music, Plaintiffs,

v.

Wanda J. HEGGLUND, Defendant.

No. C86–1031–B.

United States District Court, D. Wyoming.

June 12, 1987.

James W. Owens, Casper, Wyo., for plaintiffs.

Donald J. Sullivan, Cheyenne, Wyo., Frank D. Peasley, Douglas, Wyo., for defendant.

## ORDER ON DEFENDANT'S MOTION TO AMEND ANSWER

BRIMMER, Chief Judge.

This matter came before the Court on the defendant's motion to amend answer.

The Court, having reviewed the pleadings and being fully advised in the premises, FINDS and ORDERS as follows:

The defendant owns and operates a bar in Douglas, Wyoming, in which she presents live music. The plaintiffs are owners of copyrights for various songs which, they allege, were performed in the defendant's establishment in violation of their respective copyrights. Pursuant to Fed.R.Civ.P. 15, the defendant now moves to amend her answer to assert additional affirmative defenses, to require the addition of the American Society of Composers, Artists and Publishers (ASCAP) as an indispensable party, to assert counterclaims against the plaintiffs and to assert a third-party complaint against ASCAP. The Court will address each of these issues in the order presented.

The defendant requests leave to assert the affirmative defense that all of the plaintiffs lack standing to bring this suit because they have failed to comply with the Protection of Copyright Users Act, Wyo.Stat. § 40-13-101 et seq. (1977). She further requests leave to assert the affirmative defense that plaintiffs Ackee Music, Inc. and Van Halen Music additionally lack standing to bring this suit because they have failed to comply with the Wyoming Business Corporation Act, Wyo.Stat. § 17-1-701 (1977).

The Court recognizes that grant or denial of leave to amend is a matter within the discretion of the Court and that Rule 15 requires that leave to amend be "freely given when justice so requires." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). However, the Court may deny a request for leave to amend as long as it articulates a justifying reason for the denial. *Foman v. Davis*, 371 U.S. at 182, 82 S.Ct. at 230; *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041. One such reason is that the amendment would be futile because the proposed amendment

would fail to withstand a motion to dismiss. *Shearson/American Exp., Inc. v. Mann*, 814 F.2d 301, 308 (6th Cir.1987); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d at 1041; *see, generally,* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1487, n. 58 (Supp.1986).

The defendant moves for leave to amend her answer to assert the affirmative defenses that the plaintiffs lack standing to bring this action because they have failed to comply with Wyo.Stat. §§ 40–13–103, 17–1–701. Both statutes have filing or licensing requirements which, the defendant alleges, the plaintiffs have failed to meet. Section 40–13–103 requires that copyright licensing agencies and copyright owners who license the use or otherwise dispose of the performing rights of musical compositions in Wyoming to file copies of the performing rights agreements with the secretary of state. Section 17–1–701 requires foreign corporations to obtain a certificate of authority from the secretary of state in order to transact business in Wyoming. The Court finds that the defendant's proposed claims based on these statutes are legally insufficient.

■ First, failure to comply with a state licensing statute does not bar enforcement in federal court of rights granted by a federal statute. *Perez v. Campbell*, 402 U.S. 637, 652, 91 S.Ct. 1704, 1712–13, 29 L.Ed.2d 233 (1971); *Leo Feist, Inc. v. Young*, 138 F.2d 972 (7th Cir.1942); *Interstate Hotel Co. v. Remick Music Corp.*, 157 F.2d 744, 748 (8th Cir.1946); *Harms, Inc. v. Tops Music Enterprises, Inc., of Cal.*, 160 F.Supp. 77, 80–81 (S.D.Cal.1958). The questions involved in this case arise under federal copyright law and the State is powerless to determine the conditions under which a party, in a federal question, may sue in federal court. *Harms, Inc. v. Tops Music Enterprises, of Cal.*, 160 F.Supp. at 80–81. Therefore, the plaintiffs' alleged failure to comply with the licensing and filing requirements of either Wyoming statute will not bar their federal action in federal court.

■ Furthermore, the Court notes that the plaintiffs are not in violation of the Wyoming statutes. Wyo.Stat. § 40–13–103 imposes filing requirements only upon copyright owners and licensing agencies who seek to license or otherwise dispose of performing rights in Wyoming. ASCAP is the association who offers the blanket licensing agreement to establishments in Wyoming and *not* the individual copyright owners, such as the plaintiffs herein. Therefore, although ASCAP must comply with the statute, the plaintiffs need not. The Court finds that unless the plaintiffs themselves seek to license or otherwise dispose of their copyrights in Wyoming, they are not in violation of the statute.[1]

■ Wyo.Stat. § 17–1–101 et seq. only applies to foreign corporations who transact business in Wyoming. Neither Ackee Music, Inc. (Ackee Music) nor Van Halen Music, the plaintiffs against whom the defendant moves to assert this defense, are in violation of this statute. Van Halen Music has not violated the statute because it is a partnership, not a corporation, and therefore is not subject to the provisions of the Wyoming Business Corporation Act. Ackee Music is a corporation, but it has not transacted any business in Wyoming. The only act by Ackee Music in Wyoming is the filing of this law suit which does not constitute transacting business. *True v. Hi-Plains Elevator Machinery, Inc.*, 577 P.2d 991 (Wyo.1978).[2] Consequently, the Wyoming Business Corporation Act does not apply to Ackee Music and it therefore has not violated the Act.

For the reasons stated above, the Court finds that the defendant's proposed additional affirmative defenses would not withstand a motion to dismiss. It is thus futile to bring them and the Court must deny her request for leave to amend her answer in regard to these claims.

---

1. The Court notes that ASCAP has complied with Wyo.Stat. § 40–13–103. Plaintiffs' Brief in Opposition to the Defendant's Motion, Ex. A.

2. See, *Id.*, at 1001–1002, for the ruling that solicitation of sales involving interstate commerce does not constitute transacting business in Wyoming.

The defendant next requests leave to assert her claim that ASCAP is an indispensable party to this action. The Court finds, however, that pursuant to the standards developed under Fed.R.Civ.P. 19, ASCAP is not the party in interest here and is not essential to the full resolution of this dispute. ASCAP is a nonexclusive licensee of the plaintiffs' copyrights. As such, it

> has been viewed as neither a necessary nor even a proper party to an infringement suit. This is because the license merely confers the right to do something that would not be permitted in its absence, but it does not guarantee that the licensee shall enjoy the benefits of the monopoly. Consequently, should the patent or copyright be infringed, the nonexclusive licensee theoretically has suffered no legal injury that justifies his participation in the action.

7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1614 (1986). Moreover, as the Seventh Circuit has pointed out, "plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff." *Leo Feist, Inc. v. Young,* 138 F.2d at 974; *see also, Famous Music Corp. v. Maholias,* 53 F.R.D. 364 (E.D.Wisc.1971). As a licensing agent of each plaintiff, ASCAP is not a real party in interest and is, therefore, not an indispensable party under Rule 19. *Hulex Music v. C.F. Maintenance and Property Management Inc.,* 115 F.R. D. 303 (D.Neb.1987). The Court therefore finds that it would be futile for the defendant to assert this claim in that it would not withstand a motion to dismiss and her request for leave to join ASCAP as a party is denied.

The defendant additionally requests leave to amend her answer to assert a counterclaim against the plaintiffs based on violation of the Wyoming Protection of Copyright Users Act, Wyo.Stat. § 40–13–101 et seq. (1977), and on tort for emotional and financial harm arising out of ASCAP's efforts to license her establishment for the musical performances she allegedly presented there. The Court must deny her request as to both claims. Her claim pursuant to Wyo.Stat. § 40–13–101 et seq. is legally insufficient for the reason that, as discussed above, this statute does not apply to the plaintiffs since they did not attempt or seek to license or otherwise dispose of their copyrights in Wyoming.

For substantially similar reasons, the defendant's tort claim against the plaintiffs is also inadequate. ASCAP, not the plaintiffs committed the acts alleged as the basis for her tort claim. ASCAP, by its agents sought to license the defendant under its authority as a nonexclusive licensee of the plaintiffs. It did not act as a licensing agent for the plaintiffs, for the proposed license was between ASCAP and the defendant, not between the plaintiffs and the defendant. The defendant's tort claim is not properly brought against the plaintiffs because they were not involved in the activities which the defendant alleges is the basis for her tort claim, namely, ASCAP's efforts to license her establishment. For these reasons, the Court finds that the defendant's proposed counterclaims would not survive a motion to dismiss and that we must deny her motion to amend her answer to assert these claims.

Finally, the defendant requests leave to assert a third-party complaint against ASCAP, alleging various torts committed by ASCAP against the defendant, but not claiming that ASCAP is somehow secondarily liable to the defendant for the claims brought by the plaintiffs. Third-party complaints must be brought in accordance with Fed.R.Civ.P. 14. Rule 14(a) provides that a third-party complaint may only be brought against a person who is not a party to the action and who is or may be liable to the defendant for all or part of the plaintiff's claim against him. As Wright & Miller explain,

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or

some other theory. But impleader is proper only when a right to relief exists under the substantive law.

*Id.,* at § 1446, p. 246–250.

The defendant's proposed third-party action does not allege that ASCAP may be liable for all or part of the plaintiffs' claim against her; she merely alleges an action in tort arising out of the same basic set of facts. However, a common nucleus of facts is not a proper foundation of a third-party complaint. The third-party claim

> cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third party claim arises from the same transaction or set of facts as the original claim is not enough.

*Id.,* at p. 256, 257. Since ASCAP's alleged liability to the defendant is not dependent upon the defendant's alleged liability to the plaintiffs, this is an improper third-party complaint under Rule 14 and the Court must deny the defendant's motion to assert this third-party complaint against ASCAP. Therefore, it is

ORDERED that the defendant's motion for leave to amend her answer to assert additional affirmative defenses be, and the same hereby is, denied. It is further

ORDERED that the defendant's motion for leave to amend her answer to implead ASCAP be, and the same hereby is, denied. It is further

ORDERED that the defendant's motion for leave to amend her answer to assert a counterclaim for violation of Wyo.Stat. § 40–13–101 et seq. and for tort be, and the same hereby is, denied. It is further

ORDERED that the defendant's motion for leave to amend her answer to assert a third-party complaint against ASCAP be, and the same hereby is, denied.