BOURNE COMPANY, Henry Mancini d/b/a Northridge Music Company, SBK Robbins Catalog, Inc., Harrison Music Corp. and Colgems–EMI Music, Inc., Plaintiffs,

v.

HUNTER COUNTRY CLUB, INC., Defendant.

No. 89 C 20037.

United States District Court, N.D. Illinois, W.D.

July 17, 1990.

Order Dening Motions to Amend, and Vacate Judgment Feb. 12, 1991.

Dennis C. Waldon, Monica L. Thompson, Michael J. Allen, Angela Visalli, Keck, Mahin & Cate, Chicago, Ill., Richard H. Reimer, ASCAP, New York City, for plaintiffs.

Edward Levinson, Chicago, Ill., Robert Thorsen, Rockford, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROSZKOWSKI, District Judge.

This action comes before the Court on cross-motions for summary judgment and other related motions.[1] For the reasons set forth in the opinion below, this Court finds that plaintiffs have met and adequately shown compliance with the five elements for a *prima facie* case of copyright infringement and, therefore, grants plaintiffs' motion for summary judgment. Further, this Court denies defendant's motion for summary judgment and strikes defendant's affirmative defenses and counterclaims. This Court finds that the 1950 Consent Decree contains specific provisions for contesting the reasonableness of a licensing fee and this Court will not usurp that authority. Further, this Court holds that defendant's motion to join ASCAP as a party to this action is denied and directs that any issues relating to the compliance or non-compliance of ASCAP with any other provisions of the 1950 Amended Consent Decree, which was entered in the Southern District of New York, must be taken up with that court as continuing jurisdiction exists in that district court for purposes of enforcement and amendment of the consent decree.

## I. STATEMENT OF BACKGROUND FACTS

### A. Preliminary Rulings

Rule 56 of the Federal Rules of Civil Procedure (hereinafter "Fed.R.Civ.P."), states the following:

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon....** The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

Fed.R.Civ.P. 56(b) and (c). Rule 12 of the General Rules for the United States District Court for the Northern District of Illinois (hereinafter "Local Rules") supplements Rule 56 by requiring the moving party to submit the following:

With each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure the moving party shall serve and file, in addition to the affidavits (if any) and other materials referred to in Rule 56 and a supporting memorandum of law, a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law including a description of the parties and all facts supporting venue and jurisdiction in this Court. That statement shall consist of short numbered paragraphs, including within each paragraph specific referenc-

---

1. The following additional motions are related to the parties' cross-motions for summary judgment and are currently pending before this Court: (1) plaintiffs' motion to strike defendant's affirmative defense and dismiss the counterclaim against ASCAP; (2) defendant's motion to add ASCAP as a party defendant; (3) defendant's motion to strike the affidavit of Kenneth Gilman.

es to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for the denial of the motion.

Local Rule 12(*l*). The local rules also mandate certain filings by non-moving party as follows:

> Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. *All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.*

Local Rule 12(m) (emphasis added).

In the instant case, the defendant filed its motion for summary judgment on August 22, 1990. As required by the Local Rules, the defendant concurrently filed a supporting memorandum of law. Incorporated within that brief in support of their motion for summary judgment, plaintiffs included a section entitled "Statement of Facts" consisting of numbered paragraphs with specific references to affidavits and deposition testimony. While the exact letter of Rule 12(*l*) may not have been adhered to, this Court believes that at least the spirit of Rule 12(*l*) has been satisfied and this section "Statement of Facts" is consistent with Rule 12(*l*) and will hereafter be referred to for purposes of this summary judgment motion as Plaintiff's Rule 12(*l*) Statement.

Defendant, in response to Plaintiff's Rule 12(*l*) Statement, submitted a Reply to Plaintiff's Rule 12(*l*) Statement of Material Facts. Defendant's Reply appears to comply with the intent of Local Rule 12(m) and this Court will treat and hereafter refer to defendant's reply as Defendant's Rule 12(m) Statement.

In Defendant's Rule 12(m) Statement, defendant specifically states that "[t]he facts relied upon by Plaintiffs are immaterial because Plaintiffs and ASCAP are estopped from asserting them by the facts alleged in this paragraph 2." Defendant's Rule 12(m) Statement at ¶ 2. However, pursuant to Local Rule 12(m), defendant's failure to deny any of the factual allegations contained in Plaintiffs' Rule 12(*l*) Statement mandates that this Court admit those facts. Therefore, that portion of the recitation of facts dealing with undisputed facts is primarily drawn from Plaintiffs' Rule 12(*l*) Statement. The remainder of this Court's recitation of facts simply recites those facts which are in dispute.

## B. Statement of Facts

Plaintiffs bring the instant action pursuant to 17 U.S.C. §§ 502(a),[2] 504(c)(1)[3] and

---

**2.** Section 502(a) of the Copyright Act provides for the issuance of a temporary or permanent injunction as follows:

> (a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.
>
> 17 U.S.C. § 502(a).

**3.** The Copyright Act provides for the following damages:

> Except as otherwise provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $250 or more than $10,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

505.[4] The plaintiffs in this action are members of the American Society of Composers, Authors and Publishers (hereinafter "ASCAP") who have all granted to ASCAP a non-exclusive right to license non-dramatic public performances of certain copyrighted musical compositions. Plaintiffs' Rule 12(*l*) Statement at ¶ 1. Plaintiffs' own valid copyrights to the following songs involved in the instant action: "All of Me," "Mr. Lucky," "Somebody Stole My Gal," "Don't Get Around Much Anymore" and "(I Left My Heart) In San Francisco."

The defendant, Hunter Country Club, Inc., is a "semi-public" country club whose dining room is open to the public. Hunter Country Club presents live entertainment in its dining room on Friday nights and Sundays.[5]

Since November, 1985, ASCAP representatives have, on numerous occasions, written to Hunter Country Club to offer an ASCAP license and Hunter Country Club has declined all such offers.

## II. DISCUSSION

The Court will not grant any summary judgment motion unless all of the pleadings and supporting documents, if any, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir.1976).

The initial burden is on the moving party to demonstrate that there is no genuine issue or question of material fact in dispute. *Rose v. Bridgeport Brass Company*, 487 F.2d 804, 808 (7th Cir.1973). Once the moving party has stated that a fact is not in question, the burden shifts to the non-moving party to demonstrate that

there is some question of fact or to contradict the fact and bring it into question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Plaintiffs represent to the Court in their motion for summary judgment that "[s]ince November 1985, ASCAP representatives have, on numerous occasions, written to Hunter to offer an ASCAP license for the Hunter Country Club, and Hunter has declined all such offers." Plaintiffs' Rule 12(*l*) Statement at ¶ 5. In response, defendant sets before this Court a series of correspondences which defendant argues indicate that plaintiffs were in violation of the amended consent decree entered in the case of *United States of America v. The American Society of Composers, Authors and Publishers*, No. 13–95 (S.D.N.Y. March 14, 1950) reported in 185 Trade Reg. Rep. (CCH) ¶ 62,595 (S.D.N.Y. March 14, 1950).

In order for plaintiffs to succeed, plaintiffs must prove the following elements of a *prima facie* case: (1) the originality and authorship of the works involved; (2) compliance with the formalities of federal copyright law; (3) rightful proprietorship of the copyrights at issue; (4) that the copyrighted works were performed publicly for profit; and (5) a lack of authorization by the owner or the owner's representative for the alleged infringer to publicly perform the works. *Hulex Music v. Santy*, 698 F.Supp. 1024 (D.N.H.1988); *Broadcast Music v. Fox Amusement Co.*, 551 F.Supp. 104, 107 (N.D.Ill.1982).

There is an old story which teaches that if you bring five attorneys together and ask them one question, you will receive ten different answers. In this case, the attorneys cannot even agree on what the proper question is. Plaintiffs suggest that this Court limit the scope of its inquiry to

17 U.S.C. § 504(c)(1).

**4.** Section 505, dealing with attorney's fees and costs, provides for the following:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may

also award a reasonable attorney's fee to the prevailing party as part of the costs.
17 U.S.C. § 505.

**5.** Apparently, defendant has live entertainment for a Sunday brunch from 9:00 a.m. until about 2:30 p.m., and for afternoon dancing from 3:30 p.m. until about 6:30 p.m.

whether the plaintiffs have adequately shown the five *prima facie* elements as set forth above; defendant, on the other hand, ask this Court to limit its inquiry to whether plaintiffs have violated any portion of the 1950 Amended Consent Decree. As will be discussed later, this Court will limit its inquiry for summary judgment purposes to whether plaintiffs have proven the *prima facie* elements of copyright infringement.

### A. Plaintiffs' Prima Facie Case

█ Plaintiffs correctly enumerate the five *prima facie* elements essential to prove a copyright infringement, which are set forth above. Defendant does not contest plaintiffs' compliance with these elements. Defendant's failure to contest compliance with those elements is evidenced by defendant's failure to respond to the pertinent factual elements regarding compliance contained in plaintiffs' Statement of Uncontested Facts. Therefore, for purposes of this summary judgment motion, this court finds that the generally accepted requisite elements for a *prima facie* case of copyright infringement have been met.

For these reasons, this Court grants summary judgment in favor of plaintiffs Bourne Co., Henry Mancini d/b/a Northridge Music Company, SBK Robbins Catalog, Inc., Harrison Music Corp. and Colgems–EMI Music, Inc. and against defendant Hunter Country Club, Inc.

However, defendant has interposed numerous affirmative defenses and a counterclaim ostensibly against plaintiffs; these affirmative defenses and the counterclaim, however, are really directed to ASCAP. For the reasons enunciated below, this Court denies defendant's invitation to join ASCAP as a party and strikes defendant's affirmative defenses and counterclaim.

### B. Joinder of ASCAP as a Party

█ Defendant urges this Court to join ASCAP as a party to this litigation.[6] However, the law appears clear that joinder is inappropriate in this case.

In *Hulex Music v. Santy,* 698 F.Supp. 1024 (D.N.H.1988), the district court stated the following:

The fact that ASCAP may or may not "control" this litigation does not provide a basis for making ASCAP a party. A copyright infringement action may only be brought by the "legal or beneficial owner" of a copyright, and joinder or intervention is limited to persons "having or claiming an interest in the copyright." 17 U.S.C. § 501(b). Herein, ASCAP is merely the licensing agent of each plaintiff; it is neither the legal nor the beneficial owner of the copyrights at issue, and neither has nor claims an interest in those copyrights. Accordingly, joinder of ASCAP is inappropriate either permissively or as an indispensable or necessary party. *See* Rules 19 and 20, Fed. R.Civ.P.; *see also, e.g., Hulex Music v. C.F. Maint. & Prop. Mgmt.,* 115 F.R.D. 303, 304 (D.Neb.1987) (citing *Famous Music Corp. v. Maholias,* 53 F.R.D. 364, 375 (E.D.Wis.1971).

*Hulex Music,* 698 F.Supp. at 1029.

Defendants have not cited this Court to any cases which stand for the principle that ASCAP should be joined under the instant circumstances. The only citation given this Court in support of defendant's motion is a citation to a case which stands for the general proposition that this Court has the authority to base decisions on equitable principles. This Court does not believe that the equities of the case mandate joinder of ASCAP. This case has been brought by individual copyright owners on their own behalf. ASCAP is merely an association of those individual copyright

---

**6.** Defendant states that this Court has already granted leave for defendant to join ASCAP as a party. In reviewing the Minute Order dated June 7, 1989, the Court stated that "[p]laintiffs are granted leave to file an amended answer and to join ASCAP as party defendant by June 14, 1989." It appears that all this Court did by that Minute Order was grant plaintiffs the opportunity to join ASCAP as a party defendant should plaintiffs so choose. Defendant may argue that the language in that Order was merely a clerical error. Notwithstanding any of the above, whether granting plaintiffs leave to join ASCAP as a party was a mistake or not, this Court vacates the portion of that Order allowing ASCAP to be joined as a party to this litigation.

owners. While ASCAP does have certain responsibilities pursuant to the Amended Consent Decree, the existence of the Amended Consent Decree does not automatically qualify every copyright infringement defendant to join ASCAP in order to litigate its conduct or reinterpret that Amended Consent Decree. As this Court holds below, questions and issues relating to interpretation of or compliance with the Amended Consent Decree are matters which should be taken up before the Southern District of New York. Defendant's motion to add ASCAP as a party to this litigation is, therefore, denied.

### C. Defendant's Affirmative Defenses

Defendant, for its part, asserts that affirmative conduct, mandated by the 1950 Consent Decree entered in the case of *United States of America v. The American Society of Composers, Authors and Publishers*, No. 13–95 (S.D.N.Y. March 14, 1950), has not been complied with and plaintiffs are, therefore, estopped from obtaining judgment in this case. Defendant asserts non-compliance with specific portions of the 1950 Consent Decree.

    1. Paragraph VIII of the 1950 Amended Consent Decree

■ Defendant asserts that plaintiffs failed to comply with ¶ VIII of the 1950

---

Amended Consent Decree[7] by failing to use their best efforts to negotiate a reasonable fee for a license with Hunter Country Club. However, defendant has apparently failed to recognize that the 1950 Amended Consent Decree specifically addresses the failure on the part of ASCAP to negotiate a reasonable fee. Paragraph IX of the Amended Consent Decree [8] specifically provides that when a disagreement as to the reasonableness of a license fee occurs, it is incumbent on the applicant to petition the Southern District of New York for a determination of the reasonableness of the fee requested by ASCAP.

It is the holding of this Court that the provisions for resolving fee disputes between ASCAP and an applicant (found in ¶ VIII of the 1950 Amended Consent Decree) is the exclusive remedy afforded an unsatisfied license applicant. That much is certainly clear on the face of the Amended Consent Decree and this Court is unwilling to rule otherwise.

    2. Paragraph XIV of the 1950 Amended Consent Decree

■ Defendant maintains that plaintiff failed to "prepare and maintain a list of all compositions in ASCAP's repertoire and in-

---

**7.** Paragraph VIII of the 1950 Amended Consent Decree states as follows:

> Defendant ASCAP, in fixing its fees for the licensing of compositions in the ASCAP repertory, is hereby ordered and directed to use its best efforts to avoid any discrimination among the respective fees fixed for the various types of licenses which would deprive the licensees of a genuine choice from among such various types of licenses.

*United States v. The American Society of Composers, Authors and Publishers*, No. 13–95 (S.D.N.Y. March 14, 1950) reported in 185 Trade Reg.Rep. (CCH) ¶ 62,595 (S.D.N.Y. March 14, 1950).

**8.** Paragraph IX of the Amended Consent Decree states that

> (A) Defendant ASCAP shall, upon receipt of a written application for a license for the right of public performance of any, some or all of the compositions in the ASCAP repertory, advise the applicant in writing of the fee which it deems reasonable for the license requested. If the parties are unable to agree

> upon a reasonable fee within sixty (60) days from the date when such application is received by ASCAP, the applicant therefor may forthwith apply to this Court for the determination of a reasonable fee and ASCAP, shall, upon receipt of notice of the filing of such an application, promptly give notice thereof to the Attorney General. In any such proceeding the burden of proof shall be on ASCAP to establish the reasonableness of the fee requested by it. Pending the completion of any such negotiations or proceedings, the applicant shall have the right to use any, some or all of the compositions in the ASCAP repertory to which its application pertains, without payment of any fee or other compensation, but subject to the provisions of Subsection (B) hereof, and to the final order or judgment entered by this Court in such proceeding.

*United States v. The American Society of Composers, Authors and Publishers*, No. 13–95 (S.D.N.Y. March 14, 1950) reported in 185 Trade Reg.Rep. (CCH) ¶ 62,595, 62,754 (S.D.N.Y. March 14, 1950).

clude thereon the dates of copyright registration and to make the same available for inspection" in derogation of ¶ XIV of the 1950 Amended Consent Decree.[9] Paragraph XIV basically charges ASCAP with two responsibilities. First, ASCAP must respond to written requests regarding whether particular compositions are in the ASCAP repertoire and second, ASCAP must prepare and maintain a current list of its protected compositions and make that list available for inspection.

As to the first requirement, defendant alleges that ASCAP has failed to comply with this provision. Defendant cites to a letter dated July 7, 1987, which inquired whether 11 specified songs were included in ASCAP's repertoire. Defendant does admit that ASCAP responded by letter dated March 14, 1988. The question of whether the delay of over eight months in responding to defendant's specific requests constitutes a violation of the 1950 Consent Decree is an interesting academic question. However, whether ASCAP has sufficiently complied with the terms of the 1950 Amended Consent Decree does not appear to present an issue with respect to the current litigation. Whether ASCAP's eight month delay is, *per se*, a violation of ¶ XIV of the 1950 Amended Consent Decree is more properly directed to an action in the Southern District of New York for compliance with the terms of that court's consent decree. Considerations of comity persuade this Court that it is not efficient or proper for this Court to rule on interpretive matters with regard to the consent decree and declines the defendant's invitation to do so.

Defendant further alleges that ASCAP has never made the list ordered to be compiled in ¶ XIV of the Amended Consent Decree. Plaintiffs never deny that particular allegation. This Court, however, is likewise persuaded that an action by the defendant brought in the Southern District of New York against ASCAP is the proper forum for resolution of those issues.

### D. Plaintiffs' Motion for Injunctive Relief

Plaintiffs have moved this Court to enjoin defendant from playing or using any material contained on ASCAP's repertory list. This Court believes that plaintiffs must choose their position and live with it. In this action, plaintiffs have consistently and vigorously argued that ASCAP should not be a party to this litigation. Therefore, plaintiffs cannot have it both ways by then urging this Court to essentially issue injunctive relief to a non-party. If, in fact, as this Court has held today, ASCAP is not a proper party for joinder in this action, this Court will not enter injunctive relief on ASCAP's behalf. The relief plaintiffs seek by way of this injunction is properly brought by the copyright holders for infringement. Plaintiffs' motion for injunctive relief is, therefore, denied.

### III. REMEDY

Applicable copyright law provides for statutory damages pursuant to 17 U.S.C. § 504(c)(1). Section 504(c)(1) provides that

> the copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages ... in a sum of not less that $250 or more than $10,000 as the court considers just.

17 U.S.C. § 504(c)(1). Plaintiffs have chosen not to pursue actual damages and

---

**9.** Paragraph XIV of the 1950 Amended Consent Decree states the following:

Immediately following entry of this Judgment, defendant ASCAP shall upon written request from any prospective user inform such user whether any compositions specified in such request are in the ASCAP repertoire, and make available for public inspection such information as to the ASCAP repertoire as it has. Defendant ASCAP is furthermore ordered and directed to prepare within two years, and to maintain and keep current and make available for inspection during regular office hours, a list of all musical compositions in the ASCAP repertoire, which list will show the title, date of copyright and the author, composer and current publisher of each composition.

*United States v. The American Society of Composers, Authors and Publishers*, No. 13–95 (S.D.N.Y. March 14, 1950) reported in 185 Trade Reg.Rep. (CCH) ¶ 62,595 (S.D.N.Y. March 14, 1950).

have, instead, elected to allow this Court, in its discretion, to award statutory damages. Plaintiffs have requested that this Court assess those statutory damages in the amount of $1,500.00 for each infraction. Plaintiffs submit that an award of less than $1,500.00 for each violation would ignore the deterrent value of statutory damages.

This Court agrees with plaintiffs that statutory damage awards are intended, in some part, to serve deterrent purposes. However, while this Court agrees with plaintiffs that any interpretation of the 1950 Amended Consent Decree must be pursued in the Southern District of New York, this Court is also mindful of the eight-month delay in having inquiries answered by plaintiffs' licensing agent, AS-CAP, as documented by defendant, which inquiries were made pursuant to ¶ XIV of the 1950 Amended Consent Decree. This Court will not interpret the Amended Consent Decree, but neither will this Court allow the provisions contained therein to be flaunted by plaintiffs' licensing agent with impunity.

Therefore, this Court grants plaintiffs statutory damages in the amount of $600.00 per violation. Plaintiff has pled and proven five copyright violations, therefore, plaintiff is entitled to total damages in the amount of $3,000.00. In addition, plaintiffs have requested an award of reasonable attorney's fees pursuant to 17 U.S.C. § 505.[10] This Court will grant reasonable attorney's fees to the plaintiffs as the prevailing party and orders the plaintiffs to submit a fee petition to this Court on or before August 9, 1990. Defendant will be given an opportunity to reply on or before August 30, 1990.

## IV. CONCLUSION

For the reasons set forth in the foregoing opinion, this Court finds that plaintiffs have adequately shown compliance with the five elements for a *prima facie* of copyright infringement. Therefore, plaintiffs' motion for summary judgment is hereby granted. Plaintiff is granted damages in the amount of $600.00 per violation for five violations; total damages are awarded to plaintiff in the amount of $3,000.00.

Further, this Court denies defendant's motion for summary judgment and strikes defendant's affirmative defenses relating to Paragraph VIII of the 1950 Amended Consent Decree as Paragraph VIII provides no affirmative defense at all because specific conduct is mandated by the defendant in contesting the reasonableness of plaintiffs' fee.

Finally, this Court denies plaintiffs' motion for injunctive relief as ASCAP is not a party to this litigation and no injunctive relief will be afforded to ASCAP.

## ORDER

Before the court are 1) Plaintiffs' motion to amend this court's judgment of July 17, 1990, and 2) Defendant's motion to vacate this court's judgment and to transfer. For the reasons set forth herein, the court denies Plaintiffs' motion and denies Defendant's motion.

## BACKGROUND

On February 13, 1989, Plaintiffs Bourne Co., Henry Mancini, d/b/a Northridge Music Co., SBK Robbins Catalog, Inc., Harrison Music Corp., and Colgems–EMI Music, Inc. filed suit in this court against Defendant Hunter Country Club, Inc. Plaintiffs alleged in their complaint that Defendant violated federal copyright law, 17 U.S.C. §§ 502(a), 504(c)(1), 505 (1988). Because this cause of action arises out of federal copyright law, this court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1338 (1988).

Plaintiffs are members of the American Society of Composers, Authors and Pub-

---

**10.** The applicable statute states as follows:
In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or any officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
17 U.S.C. § 505.

lishers (hereinafter "ASCAP") who have granted to ASCAP the non-exclusive right to license non-dramatic public performances of certain copyrighted musical compositions. Defendant is a country club with a dining room open to the public. Defendant presents live entertainment in its dining room on Friday nights and Sundays. Since November 1985, ASCAP representatives have repeatedly offered Defendant an ASCAP license, and Defendant declined all offers.

## DISCUSSION

*Motion to Amend Judgment*

█ Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to alter or amend a judgment within ten days after the entry of the judgment. Fed.R.Civ.P. 59(e). The Copyright Act gives this court authority to issue a permanent injunction, which is the relief Plaintiffs seek: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a) (1988).

The Copyright Act does not explicitly require that a court make certain findings before it issues an injunction. However, several courts have limited injunctive relief to cases where a substantial threat of continued copyright infringement exists. *See, e.g., Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.,* 712 F.Supp. 1257, 1262 (S.D.Tex.1989); *Rilting Music Inc. v. Speakeasy Enters., Inc.,* 706 F.Supp. 550, 557 (S.D.Ohio 1988); *International Korwin Corp. v. Kowalczyk,* 665 F.Supp. 652, 658 (N.D.Ill.1987); *Broadcast Music, Inc. v. Niro's Palace, Inc.,* 619 F.Supp. 958, 963 (N.D.Ill.1985). Among the evidence of a threat of continuing copyright violation is the defendant's testimony of intent t continue to violate copyright laws, *Kowalczyk,* 665 F.Supp. at 658–59, and the defendant's persistence in violating copyrights after receiving oral and written demands to cease, *Broadcast Music,* 619 F.Supp. at 963.

In this case, Plaintiffs have presented no evidence of a substantial threat of continuing copyright violation. They state only, "There is no argument that Hunter persisted in such unlawful conduct—the pendency of the *Fisher Music* is conclusive evidence of that fact." Plaintiffs' reply brief to motion to amend judgment, filed Sept. 5, 1990, at 2. Plaintiffs do not dispute Defendant's assertion that it "has cancelled its future contracts with musician groups for public performance of compositions at Hunter Country Club and has cancelled any Saturday evening and Sunday afternoon dances." Defendant's answer brief to motion to amend judgment, filed Aug. 22, 1990, at 7. Because Plaintiffs have not convinced this court that it is substantially likely that Defendant will continue to violate their copyrights, the court refuses to grant Plaintiffs an injunction.

*Motion to Vacate Judgment or Transfer*

Defendant asks this court to vacate its judgment of July 17, 1990, and to transfer the action to the Southern District of New York. Defendant argues that its affirmative defenses are derived from a consent decree which the Southern District of New York court entered against ASCAP in 1950. Apparently, Defendant wishes to join ASCAP in the lawsuit because of the alleged difficulty Defendant has experienced in obtaining copyright information from ASCAP.

Defendant has not alleged any facts to rebut this court's earlier finding that Defendant has violated copyrights on Plaintiffs' works. Rather, Defendant argues that ASCAP is the "guilty party" here, and not Defendant. The court rejects Defendant's argument, and accordingly denies Defendant's motion to vacate the judgment.

Further, Defendant has not set forth any reason justifying a transfer of this action to the Southern District of New York. The consent decree involving ASCAP is only peripherally relevant to this action, and does not alter the fact that Defendant violated the copyrights on Plaintiffs' compositions. Therefore, the court denies Defendant's motion to transfer.

## CONCLUSION

For the reasons stated, the court denies Plaintiffs' motion to amend the judgment, and also denies Defendant's motion to vacate the judgment or transfer.