DOLFI MUSIC, INC., et al.,
Plaintiffs,

v.

FOREST INN, INC., Defendant.

VANLEE MUSIC CORP. et al.,
Plaintiffs,

v.

FOREST INN, INC., Defendant.

DAMILA MUSIC, INC., et al.,
Plaintiffs,

v.

Ralph GERSPACH et al., Defendants.

Civ. A. Nos. 70-C-552, 70-C-347
and 70-C-472.

United States District Court,
E. D. Wisconsin.

April 27, 1973.

**6**

Charles Q. Kamps, William A. Stearns and Frank J. Daily, Milwaukee, Wis., for plaintiffs.

Wayne E. Rowlee, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These three actions are for copyright infringement in violation of 17 U.S.C. § 101 et seq. Defendants, whose earlier motion to join the American Society of Composers, Authors, and Publishers (hereafter "ASCAP") as an indispensable party plaintiff was denied, now seek to add ASCAP as a third-party defendant to defendants' counterclaim pursuant to Rule 13(h) of the Federal Rules of Civil Procedure. That counterclaim alleges that ASCAP and the plaintiffs have conspired to violate § 4 of the Clayton Antitrust Act, 15 U.S.C. § 1 et seq., in their use of the copyright. Specifically, the counterclaim alleges that ASCAP and the plaintiffs have violated the standards set forth in the amended consent judgment under which ASCAP has been operating. United States v. ASCAP, No. 13–95 (S.D.N.Y. March 14, 1950). Plaintiffs oppose the addition of ASCAP as a party.

I conclude that defendants' counterclaim was compulsory and that, therefore, this court may exercise ancillary jurisdiction over ASCAP. However, I also conclude that coordinate jurisdiction of defendants' counterclaim lies in the District Court for the Southern District of New York in view of that court's order retaining jurisdiction over disputes concerning ASCAP's compliance with the amended consent judgment. To preserve uniformity in the interpretation of that consent judgment, defendants' counterclaim must be decided by that court. Defendants' motion is therefore denied.

■ The initial question is whether this court may exercise jurisdiction over ASCAP. Defendants have satisfied the standards of Rule 20 for permissive joinder of parties. Plaintiffs contend, however, that ASCAP cannot be added as a party because neither jurisdiction nor venue lie in this district. But it is well settled that these objections are swept away if the counterclaim is within the ancillary jurisdiction of the court. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); Scott v. Fancher, 369 F.2d 842 (5th Cir. 1966). That in turn depends upon whether the counterclaim is compulsory. Reynolds v. Maples, 214 F.2d 395 (5th Cir. 1954); Dunbar & Sullivan Dredging Co. v. Jurgensen Co., 44 F.R. D. 467 (D.C.Ohio 1967); Wright, "Law of Federal Courts" § 79 at 351 (2d ed. 1970). Under the federal rules a counterclaim is compulsory if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Rule 13(a), F.R.Civ.P.

■■ I agree with Professor Moore that despite the Supreme Court's decision in Mercoid v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944), the counterclaim should be considered compulsory. 3 Moore's Federal Practice § 13.13 at 13–305–309 (2d ed. 1966). Compulsory counterclaims must, of course, be asserted when possible or the action will be barred by res judicata. In Mercoid v. Mid-Continent Investment Co., supra, however, the Supreme Court held that the failure by a defendant to assert an antitrust counterclaim in one case did not bar others similarly situated to that defendant from bringing the antitrust claim in a separate action. The very fact that the separate action was brought by one who had not been a party in the previous action keeps the case from establishing a general rule that antitrust counterclaims are permissive. Since the alleged antitrust violations in these cases plainly arose out of the same occurrence that is the subject of plaintiffs' claims, the policy of having controversies decided in a single lawsuit would

be defeated by extending the decision in *Mercoid* to cover this situation.

The federal rules do not require courts to adjudicate all compulsory counterclaims, however. Indeed, the rules themselves set forth circumstances in which even a party may safely decide not to litigate a compulsory counterclaim. Rule 13(a), F.R.Civ.P. One such circumstance—where the claim is the subject of a pending action—is particularly appropriate in that it illustrates the importance which the rules attach to avoiding duplicate litigation.

 To resolve defendants' counterclaim would necessarily duplicate the efforts of the United States District Court in the Southern District of New York. For more than thirty years that court has been dealing with the antitrust implications of ASCAP's operations. In 1950 the court approved a complex and comprehensive consent judgment which limited ASCAP's activities. By the terms of the consent judgment the court retained jurisdiction over future disputes which, like the one here, concern ASCAP's compliance with the terms of the judgment:

> "XVII. Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this Amended Final Judgment to make application to the Court for such further orders and directions as may be necessary or appropriate in relation to the construction of or carrying out of this Judgment, for the modification thereof, for the enforcement of compliance therewith and for the punishment of violations thereof."

Since that consent judgment was entered, other federal courts confronted with claims alleging violation of the judgment have refused to decide them, holding that to achieve uniformity in the interpretation of the judgment the claims should be brought in the Southern District of New York where jurisdiction over ASCAP also lies. Robert Stigwood Group Limited v. Jesus Christ Superstar, Inc., No. C 71–313 (N.D. Ohio, Feb. 4, 1972); Herman v. Zeiger, No. 20086–68 (D.D.C., May 28, 1969); Irving Berlin v. Wescoast Broadcasting Co., No. 2250 (E.D.Wash., Dec. 28, 1962). Though courts should be reluctant to abdicate authority over controversies properly presented to them, especially when, as here, taking his claim to another forum will cause a litigant inconvenience and expense, I agree with the other courts that the decision of the Southern District Court of New York to retain jurisdiction should be respected.

It is therefore ordered that defendants' motion to add ASCAP as a third-party defendant be and it hereby is denied.