**BOURNE COMPANY, Henry Mancini, d/b/a Northridge Music Company, SBK Robbins Catalog, Incorporated, et al., Plaintiffs–Appellees,**

v.

**HUNTER COUNTRY CLUB, INC., Defendant–Appellant.**

Nos. 91–1611, 91–2882.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1993.

Decided April 6, 1993.

Rehearing and Rehearing En Banc Denied May 20, 1993.

Monica L. Thompson, Michael J. Allen, Kevin Tottis, Angela Visalli, Angela Marsh, Keck, Mahin & Cate, Chicago, IL, Richard H. Reimer (argued), New York City, Dennis C. Waldon, Gottlieb & Schwartz, Chicago, IL, for plaintiffs-appellees.

Edward G. Levinson (argued), Chicago, IL, for defendant-appellant.

Before COFFEY and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Hunter Country Club, Inc. (Hunter) is appealing the district court's grant of summary judgment in favor of the plaintiffs in this copyright infringement lawsuit. The plaintiffs are the individual owners of the copyrights at issue in this case[1] and brought this lawsuit in that capacity. As members of the American Society of Composers, Authors and Publishers (ASCAP), the plaintiffs have granted to ASCAP a non-exclusive right to license non-dramatic public performances of certain copyrighted musical compositions. Hunter does not dispute that plaintiffs have made a prima facie case of copyright infringement. Hunter, however, contends that the plaintiffs are estopped from claiming infringement because ASCAP allegedly violated a consent decree issued by the Southern District of New York in *United States v. American Society of Composers, Authors and Publishers*, 185 Trade Reg.Rep. (CCH) ¶ 62.595 (S.D.N.Y. March 14, 1950). The district court refused to address the estoppel argument or to add ASCAP as a party in the instant case. After it concluded that any dispute between Hunter and ASCAP over the terms of the consent decree should be brought as a separate suit in the Southern District of New York, the district court struck Hunter's affirmative defenses and counterclaim. After entry of summary judgment in favor of the plaintiffs, the district court awarded statutory damages of $3,000 and costs including attorney's

---

1. Hunter infringed the copyrights of the following songs: "All of Me," "Mr. Lucky," "Somebody Stole My Gal," "Don't Get Around Much Anymore," and "I Left My Heart in San Francisco."

fees of $18,415.85. Hunter appeals both the grant of summary judgment and the award of costs and attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## I.

An orchestra employed by Hunter played music for a dance held in its dining room. The dance was open to all members of the public who paid admission. From a list of songs compiled by two ASCAP "spotters" who attended the dance, ASCAP determined that five performances infringed copyrights licensed to it. Hunter does not dispute that it played these songs or that these songs were copyrighted by the plaintiffs.

The plaintiffs moved for summary judgment, and Hunter did not dispute any of plaintiffs' allegations. Instead, Hunter alleged that ASCAP misused the copyrights and violated the terms of a 1950 consent decree mandated in *United States v. Amer-*

ican Society of Composers, Authors and Publishers, 185 Trade Reg.Rep. (CCH) ¶ 62.595 (S.D.N.Y. March 14, 1950). Specifically, Hunter alleged that ASCAP failed to use their best efforts to negotiate a reasonable fee for a license with Hunter in violation of ¶ VIII of the Amended Consent Decree.[2] Hunter also alleged that ASCAP failed to prepare and maintain a list of all compositions in ASCAP's repertoire and to make the list available for inspection in derogation of ¶ XIV of the Consent Decree.[3] Therefore, Hunter filed a motion to join ASCAP as a party pursuant to Federal Rule of Civil Procedure 19(a).

The district court refused to add ASCAP as a party to the litigation.[4] With regard to the affirmative defenses, the district court noted that ¶ IX of the Amended Consent Decree specifically provided that any disagreements as to the reasonableness of a license fee should be resolved in the Southern District of New York.[5] The dis-

---

2. Paragraph VIII of the 1950 Amended Consent Decree states as follows:

> Defendant ASCAP, in fixing its fees for the licensing of compositions in the ASCAP repertory, is hereby ordered and directed to use its best efforts to avoid any discrimination among the respective fees fixed for the various types of licenses which would deprive the licensees of a genuine choice from among such various types of licenses.

*United States v. The American Society of Composers, Authors and Publishers,* 185 Trade Reg. Rep. (CCH) ¶ 62.595 (S.D.N.Y. March 14, 1950).

3. Paragraph XIV of the Amended Consent Decree provides

> Immediately following entry of this Judgment, defendant ASCAP shall upon written request from any prospective user inform such user whether any compositions specified in such request are in the ASCAP repertory, and make available for public inspection such information as to the ASCAP repertory as it has. Defendant ASCAP is furthermore ordered and directed to prepare within two years, and to maintain and keep current and make available for inspection during regular office hours, a list of all musical compositions in the ASCAP repertory, which list will show the title, date of copyright and the author, composer and current publisher of each composition.

*United States v. The American Society of Composers, Authors and Publishers,* 185 Trade Reg. Rep. (CCH) ¶ 62.595 (S.D.N.Y. March 14, 1950).

4. The district court's decision is reported in *Bourne Co. v. Hunter Country Club,* 772 F.Supp. 1044 (N.D.Ill.1990).

5. Paragraph IX of the Amended Consent Decree states:

> (A) Defendant ASCAP shall, upon receipt of a written application for a license for the right of public performance of any, some or all of the compositions in the ASCAP repertory, advise the applicant in writing of the fee which it deems reasonable for the license requested. If the parties are unable to agree upon a reasonable fee within sixty (60) days from the date when such application is received by ASCAP, the applicant therefor may forthwith apply to this Court for the determination of a reasonable fee and ASCAP shall, upon receipt of notice of the filing of such an application, promptly give notice thereof to the Attorney General. In any such proceeding the burden of proof shall be on ASCAP to establish the reasonableness of the fee requested by it. Pending the completion of any such negotiations or proceedings, the applicant shall have the right to use any, some or all of the compositions in the ASCAP repertory to which its application pertains, without payment of any fee or other compensation, but subject to the provisions of Subsection (B) hereof, and to the final order or judgment entered by this Court in such proceeding.

*United States v. The American Society of Composers, Authors and Publishers,* No. 13–95 (S.D.N.Y. March 14, 1950) reported in 185 Trade

trict court concluded that this provision in the Amended Consent Decree was Hunter's exclusive remedy for disputes over licensing fees. Likewise, the district court also determined that, in the interest of comity, the Southern District of New York was the proper forum for interpretation of ¶ XIV of the Amended Consent Decree regarding maintenance of the list.

Hunter has filed a separate suit in the Southern District of New York. The purpose of that suit presumably is to resolve those issues that the district court refused to consider. In this appeal, Hunter still does not dispute copyright infringement. Hunter argues instead that the district court erred in striking its affirmative defenses and counterclaim. Hunter also argues that the district court erred in awarding attorney's fees.

## II.

### A. Joinder of ASCAP

■ This circuit has no clearly established standard of review for joinder under Federal Rule of Civil Procedure 19(a). *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir.1992) (arguments for both a *de novo* standard and an abuse of discretion standard). However, it is not necessary for us to decide that issue here, since Hunter has not established under either standard that complete relief could not be accorded without the joinder of ASCAP.[6]

■ The term "complete relief" in Federal Rule of Civil Procedure 19 refers only "to relief between the persons already parties and not as between a party and the absent person whose joinder is sought." *Perrian*, 958 F.2d at 196 (internal quotations and citations omitted). "A copyright infringement action may only be brought by the 'legal or beneficial owner' of a copyright, and joinder or intervention is limited

to persons 'having or claiming an interest in the copyright.' 17 U.S.C. § 501(b)." *Hulex Music v. Santy*, 698 F.Supp. 1024, 1029 (D.N.H.1988). A licensing agent is neither the legal nor the beneficial owner of the copyright and has no interest in the copyright. Therefore, the district court properly denied Hunter's request to join ASCAP as a party in this copyright infringement suit.[7]

### B. Estoppel

■ Hunter argues that plaintiffs should be estopped from asserting infringement because ASCAP's actions constituted misuse. However, estoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment. *Chi–Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1228 (7th Cir.1991). The copyright owners in this action have done nothing to mislead Hunter. In fact, they had no contact with Hunter until this suit. Hunter's allegation is that ASCAP caused Hunter to rely to its detriment. However, as we noted above, ASCAP is not a proper party to this suit. Even if ASCAP had acted as the plaintiffs' agent, however, we would find no estoppel. Our review of the correspondence between ASCAP and Hunter's counsel indicates that ASCAP did nothing that would cause Hunter to reasonably rely to its detriment. To the contrary, we find several indications and warnings that any performance of copyrighted works would be considered infringement. Thus, without any basis for reasonable reliance, estoppel is inapplicable here.

### C. Amended Consent Decree

■ We also agree with the district court that as a matter of comity the

Reg.Rep. (CCH) ¶ 62.595 (S.D.N.Y. March 14, 1950).

**6.** For a discussion of ASCAP's purpose and history, *see International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 376 n. 1 (7th Cir.1988).

**7.** *See also Widenski v. Shapiro, Bernstein & Co.*, 147 F.2d 909, 910 (1st Cir.1945); *Ocasek v. Heg-*

*glund*, 673 F.Supp. 1084, 1087 (D.Wyo.1987) (ASCAP was licensee and could not maintain a suit for infringement alone, hence there is no necessity to join ASCAP); *Cass County Music Co. v. Racquet Club, Inc.*, No. C 86–4228, 1987 WL 8593 (N.D.Iowa Feb. 25, 1987) (ASCAP has only non-exclusive rights and is therefore not the real party in interest).

Amended Consent Decree should be interpreted in the Southern District of New York. With regard to the licensing fee, ¶ VIII of the Amended Consent Decree explicitly provides that ASCAP will use its best efforts to determine reasonable fees. Paragraph IX provides that when an applicant for a license disagrees as to the reasonableness of a license fee, the applicant must petition the Southern District of New York for a determination of the reasonableness of the fee. That paragraph clearly states that this was meant to be the exclusive remedy for fee resolution.

 With regard to the district court's refusal to decide whether ASCAP has complied with ¶ XIV of the Amended Consent Decree (ordering ASCAP to maintain a list of all compositions in its repertoire), we find no error in its decision that the Southern District of New York is the proper forum for resolution of this issue.[8] Although the district court did not specifically rule on ASCAP's duty to furnish a list, the plaintiffs urge us on appeal to decide, as other courts have done, that ASCAP has no duty to furnish a complete list of its repertoire because this would be an impractical burden. *See Famous Music v. Bay State Harness Horse Racing & Breeding Assoc.*, 554 F.2d 1213, 1215 (1st Cir.1977); *Hulex Music v. Santy*, 698 F.Supp. 1024, 1029 n. 4 (D.N.H.1988); *Billy Steinberg Music v. Cagney's Pub, Inc.*, 9 U.S.P.Q.2d (BNA) 1749, 1988 WL 35518 (N.D.Ill.1988). We decline to make this determination. Neither we nor the district court for the Northern District of Illinois are in a position to determine what the Southern District of New York meant when it ordered ASCAP to maintain a list of its repertoire. A list on index cards in New York might be adequate. However, the Southern District of New York might have intended that

ASCAP keep a sophisticated list that is more easily accessible. In any case, we find no error in the district court's decision not to interpret that portion of the Amended Consent Decree that refers to maintenance of a list. The district court properly struck Hunter's affirmative defenses and counterclaim.

## D. Summary Judgment and Attorney's Fees

 Having determined that the district court did not err in refusing to join ASCAP nor in striking Hunter's affirmative defenses and counterclaim, we must resolve whether the grant of summary judgment in favor of the plaintiffs was proper. We review *de novo* the district court's grant of summary judgment. We will affirm only if there is no genuine issue of material fact and the plaintiffs are entitled to judgment as a matter of law. *Bank Leumi LeIsrael, B.M. v. Lee*, 928 F.2d 232, 234 (7th Cir.1991).

 Hunter does not dispute any of plaintiffs' allegations regarding infringement of the valid copyrights. In its Local Rule 12(m) Statement in opposition to plaintiffs' motion for summary judgment, Hunter states, "[t]he facts relied upon by Plaintiffs are immaterial because Plaintiffs and ASCAP are estopped from asserting them by the facts alleged in this paragraph 2." (R.43–3). Local Rule 12(m) provides in part that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Because Hunter failed to deny plaintiffs' facts setting forth a prima facie case of infringement, none of the five elements of infringement are in dispute.[9] Indeed, on appeal, Hunter does not challenge the conclusion that it infringed plaintiffs' valid

---

8. *See Dolfi Music, Inc. v. Forest Inn, Inc.*, 59 F.R.D. 5, 178 U.S.P.Q. 355 (E.D.Wis.1973) (district court refused to interpret Amended Consent Decree). *But see Tempo Music, Inc. v. Myers*, 407 F.2d 503, 509 (4th Cir.1969) (district court interpreted Amended Consent Decree and held that ASCAP had a duty to advise potential licensees of its editing service).

9. To establish a prima facie case of infringement, the plaintiffs must prove: (1) the original-

ity and authorship of the works involved; (2) compliance with the formalities of federal copyright law; (3) rightful proprietorship of the copyrights at issue; (4) that the copyrighted works were performed publicly for profit; and (5) a lack of authorization by the owner or the owner's representative for the alleged infringer to publicly perform the works. *Hulex Music v. Santy*, 698 F.Supp. 1024 (D.N.H.1988).

copyrights. Thus, summary judgment in favor of the plaintiffs was appropriate.

█ The only issue left for us to resolve is whether the district court abused its discretion in awarding attorney's fees and costs. Pursuant to 17 U.S.C. § 505, a district court may as an exercise of its statutory discretion award attorney's fees and costs to the prevailing party in a copyright infringement suit. Such an award will be reversed only upon an abuse of discretion. *See Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1230 (7th Cir. 1991). After examination of the record, we conclude that the district court soundly exercised its discretion, and the award of attorney's fees was appropriate.

### III.

█ For the foregoing reasons, the judgment of the district court is affirmed in all respects. Each party is to bear its own costs on appeal.[10]

---

10. Plaintiffs have requested that we determine an additional amount for attorney's fees incurred in conjunction with this appeal. As we have mentioned above, the award of attorney's fees to a prevailing party in a copyright infringement suit is within the court's statutory discretion. *See Taylor v. Meirick,* 712 F.2d 1112, 1122 (7th Cir.1983). Section 505 of Title 17 provides that courts *may* award a reasonable attorney's fee to the prevailing party. It follows that an award of attorney's fees to a prevailing party on appeal is also discretionary. We decline to exercise our discretion in plaintiffs' favor on this issue, and we award no attorney's fees for this appeal.