23 F.3d 400
 1994 Copr.L.Dec. P 27,254, 30 U.S.P.Q.2d 1696
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CENTER CITY MUSIC; Doors Music Company; Boneidol Music and
MCA, Incorporated, Plaintiffs-Appellees,
v.
Robert KISNER, Defendant-Appellant.
 No. 93-1959.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1994.
Decided: April 28, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Robert E. Maxwell, Chief District Judge. (CA-92-1-C)
 Brent E. Beveridge, Fairmont, West Virginia, for Appellant.
 Richard H. Reimer, New York, New York, for Appellees.
 Ann E. Chaitovitz, New York, New York; Daniel R. Schuda, Steptoe & Johnson, Charleston, West Virginia, for Appellees.
 N.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In this copyright infringement action, Robert Kisner (Kisner) appeals the June 28, 1993 order of the district court denying Kisner's motion to alter or amend judgment, Fed.R.Civ.P. 59(e). For the reasons stated herein, we affirm.
 
 
 2
 * Kisner owns, controls, manages, and operates Friday's of Fairmont, a nightclub located in Fairmont, West Virginia. On October 5, 1991, a disc jockey at Friday's publicly performed, without authorization, the copyrighted musical compositions of the appellees Center City Music, Doors Music Company, Boneidol Music, and MCA, Inc. (collectively referred to as Copyright Owners).[1] The Copyright Owners are members of the American Society of Composers, Authors, and Publishers (ASCAP), to which they granted a nonexclusive right to license performances of their copyrighted musical compositions. On behalf of its more than 50,000 members, ASCAP licenses thousands of music users, including radio and television networks, commercial radio and television stations, restaurants, nightclubs, and other establishments whose owners perform lawfully copyrighted musical compositions in the ASCAP repertory. Since November 27, 1988, ASCAP representatives have attempted to discuss with Kisner the necessity of obtaining an ASCAP license. These negotiations have proven unsuccessful.
 
 
 3
 On January 3, 1992, the Copyright Owners filed a complaint in the United States District Court for the Northern District of West Virginia asserting four causes of action for copyright infringement against Kisner pursuant to 17 U.S.C. Secs. 502, 504, and 505 (1976). The Copyright Owners alleged that Kisner violated their rights by knowingly and intentionally violating the copyright laws in failing to seek a licensing agreement from the Copyright Owners or ASCAP. The complaint sought the following relief: (1) an injunction prohibiting further infringement of the copyrighted musical compositions in the ASCAP repertory; (2) statutory damages of not more than $20,000 nor less than $500 for each violation; and (3) costs and attorney's fees.
 
 
 4
 On January 29, 1992, Kisner filed an initial answer admitting the allegations of copyright infringement alleged in paragraph two of the complaint, but essentially denying the remaining allegations contained in the complaint.[2] Because Kisner refused to comply with the discovery process, the district court granted the Copyright Owner's motion to compel Kisner to respond to its discovery on May 15, 1992.
 
 
 5
 On June 22, 1992, Kisner filed a motion (1) for leave to withdraw his answer, (2) to file an amended answer, (3) to add additional parties, and (4) to file a counterclaim for declaratory relief. The proposed amended answer, attached to the motion, admitted all of the allegations contained in the complaint except the allegations of willfulness and the allegation that Kisner would continue to violate the copyright laws in the future. In contravention of the district court's local rules, Kisner failed to support his motion with a supporting brief.
 
 
 6
 The proposed amended answer affirmatively alleged that Kisner would prospectively enter into a licensing agreement with ASCAP if a fair and equitable fee could be negotiated or decreed by the district court. Kisner's motion for leave to add additional parties sought to add ASCAP as a third-party defendant and to add Friday's as a party defendant. The motion for leave to file a counterclaim requested a declaratory judgment: (1) establishing Kisner and Friday's liability for ASCAP licensing fees during the six preceding years and (2) determining an equitable fee for a future ASCAP bulk licensing agreement.
 
 
 7
 On July 16, 1992, the district court not only denied Kisner's motion to amend, but also observed that "defendant still has not provided the outstanding discovery requests in accordance with the federal rules applicable to civil discovery and has flagrantly ignored the court's May 15, 1992 order." (J.A. 53).
 
 
 8
 Throughout the summer of 1992, the Copyright Owners sought to obtain Kisner's cooperation in completing discovery. On September 2, 1992, the Copyright Owners filed their motion for sanctions pursuant to Rules 37(b) and 37(d) of the Federal Rules of Civil Procedure. Over Kisner's objection, the district court granted the Copyright Owner's motion and struck Kisner's answer on October 6, 1992.
 
 
 9
 On November 5, 1992, the Copyright Owners filed a motion for default judgment. This time, Kisner opposed neither the Copyright Owner's motion nor the relief sought. The district court entered default judgment on December 28, 1992. This judgment granted the Copyright Owners the sum of $2,250 for each of the four copyright infringements and attorney's fees in the sum of $4,701.22. Kisner was also enjoined from performing all copyrighted songs in the ASCAP repertory.
 
 
 10
 On January 13, 1993, Kisner filed a motion to alter or amend the December 28, 1992 judgment. The postjudgment motion was based upon the grounds that (1) the judgment of statutory damages of $2,250 per infringement was excessive; (2) the award of attorney's fees was excessive and unsupported by the record; (3) the district court lacked jurisdiction to award injunctive relief to ASCAP; and (4) the district court erred in refusing to permit Kisner to amend his answer and to add ASCAP as a third-party defendant. On June 28, 1993, the district court denied Kisner's motion to alter or amend the judgment.
 
 
 11
 Kisner appeals, attacking only that portion of the district court's June 28, 1993, order rejecting Kisner's attempt to amend his answer, add additional parties, and file a counterclaim.
 
 II
 
 12
 We review a district court's determination of a Rule 59(e) motion for abuse of discretion. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir.1991), cert. denied, 112 S.Ct. 1172 (1992); Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989); Green v. Foley, 856 F.2d 660, 665 (4th Cir.1988), cert. denied, 498 U.S. 900 (1990).
 
 
 13
 The Supreme Court has held that disposition of a motion to amend is within the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962); Deasy v. Hill, 833 F.2d 38, 40 (4th Cir.1987), cert. denied, 485 U.S. 977 (1988).[3] One reason, which has been held sufficient to deny a motion to amend, is that the amendment would be futile. Island Creek Coal Co. v. Lakeshore, Inc., 832 F.2d 274, 279 (4th Cir.1987), rev'd on other grounds, 884 F.2d 1388 (4th Cir.1989); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980). See Foman, 371 U.S. at 182. If the district court denied the motion to amend on the apparent or declared basis that the amendment would be futile, the denial of the motion was not an abuse of discretion. Id.
 
 
 14
 * Kisner's motion to amend his answer included a counterclaim seeking a declaratory judgment for an equitable fee determination governing ASCAP fees. We believe the inclusion of this counterclaim, even if accepted by the district court, would have constituted an exercise in futility.
 
 
 15
 ASCAP's principal licensing activities are governed largely by the Amended Final Judgment (AFJ) entered in United States v. ASCAP, Civil Action No. 13-95 (S.D.N.Y. March 14, 1950). Under Section IX of the AFJ, the Southern District of New York retains sole jurisdiction for the determination of reasonable ASCAP fees. Section IX of the AFJ provides in pertinent part:
 
 
 16
 IX. (A)Defendant ASCAP shall, upon receipt of a written application for a license for the right of public performance of any, some or all of the compositions in the ASCAP repertory, advise the applicant in writing of the fee which it deems reasonable for the license requested. If the parties are unable to agree upon a reasonable fee within sixty (60) days from the date when such application is received by ASCAP, the applicant therefore may forthwith apply to this court for the determination of a reasonable fee.
 
 
 17
 Other courts have recognized the Southern District of New York's exclusive authority over this fee determination. In Hulex Music v. Santy, 698 F.Supp. 1024 (D.N.H.1988), the district court confirmed the Southern District of New York's jurisdiction over this issue. When the defendant in Hulex sought to have the district court of New Hampshire declare that he was entitled to a royalty-free ASCAP license, the district court explained why it would not address the issue of appropriate ASCAP license terms:
 
 
 18
 Resolution of this issue involves interpretation and application of the consent decree and Amended Final Judgment issued in United States v. ASCAP .... In that decision, ASCAP licensing practices were comprehensively regulated, and the Southern District of New York specifically retained jurisdiction to consider future challenges to such practices. Id. p VII ... In view of that court's continuing jurisdiction, and considering that challenges to ASCAP's licensing practices will implicate provisions of the consent decree therein entered, allowing litigation of defendant's claims against ASCAP in this court would give rise to the possibility that ASCAP would be bound to follow two or more conflicting judgments.... Accordingly, this Court declines jurisdiction in favor of the Southern District of New York.
 
 
 19
 Id. at 1029-30 (citations omitted).
 
 
 20
 The Seventh Circuit agrees with this view. In Bourne Co. v. Hunter Country Club, Inc., 990 F.2d 934 (7th Cir.), cert. denied, 114 S.Ct. 308 (1993), the Seventh Circuit held:
 
 
 21
 We also agree with the district court that as a matter of comity the amended consent decree should be interpreted in the Southern District of New York. With regard to the licensing fee, paragraph 8 of the amended consent decree explicitly provides that ASCAP will use its best efforts to determine reasonable fees. Paragraph 9 provides that when an applicant for a license disagrees as to the reasonableness of a license fee, the applicant must petition the Southern District of New York for a determination of the reasonableness of the fee. That paragraph clearly states that this was meant to be the exclusive remedy for fee resolution.
 
 
 22
 Id. at 937, 938 (emphasis added).
 
 
 23
 In arguing that he should have been allowed to assert his counterclaim, Kisner first contends that, because the United States Supreme Court has held that the consent decree in the Southern District of New York is not a bar to liability for antitrust violations against nonparties to the consent decree, Kisner should not be barred from having the reasonableness of his fee determined in the West Virginia court. For this proposition, Kisner relies on Broadcast Music, Inc. v. Columbia Broadcasting, 441 U.S. 1, 14 (1979) (BMI ). This argument is unpersuasive. The facts of BMI are distinguishable from those in the instant case. In BMI, the issue concerned the legality of the ASCAP blanket license, not the appropriate or reasonable ASCAP license fee for the CBS Television Network. Therefore, contrary to Kisner's implication, parties who perceive unlawful conduct on ASCAP's part may still pursue plenary antitrust actions and other claims against ASCAP in any appropriate jurisdiction.
 
 
 24
 Kisner also contends that the district court below--and presumably every other federal district court in the nation--should be able to determine the appropriate fee for an ASCAP license to perform the copyrighted musical works in the ASCAP repertory for any music user within the district. We disagree. First, such a system would subject ASCAP members to the staggering cost of participating in fee determination proceedings throughout the country. Such a rule would also undermine Section IV(C) of the AFJ, which forbids ASCAP from "entering into, recognizing, enforcing or claiming any rights under any license for rights of public performance which discriminates in license fees or other terms and conditions between licensees similarly situated." Under current ASCAP license procedures, a single form of license agreement incorporating one rate schedule is offered to all owners of restaurants, bars, nightclubs, and similar establishments throughout the country. In this manner, uniformity in fees is assured for establishments of the same seating capacity employing the same music policy. Kisner's approach would likely result in vastly divergent license fees for similarly situated music players.
 
 
 25
 Hence, we find that Kisner's attempt to add a counterclaim seeking a declaratory judgment would have resulted in a futile amendment. Accordingly, the district court did not abuse its discretion in refusing to grant Kisner's motion to amend to add Kisner's counterclaim.
 
 B
 
 26
 Kisner's motion to amend also sought to add ASCAP as third-party defendant. Numerous cases have held that ASCAP may not be joined as a real party in interest or as a third-party defendant in suits such as the one at issue. The Seventh Circuit has explained:
 
 
 27
 "A copyright infringement action may only be brought by the 'legal or beneficial owner' of a copyright, and joinder or intervention is limited to persons 'having or claiming an interest in the copyright.' 17 U.S.C. Sec. 501(b)." Hulex Music v. Santy, 698 F. Supp. 1024, 1029 (D.N.H.1988). A licensing agent is neither the legal nor the beneficial owner of the copyright and has no interest in the copyright. Therefore, the district court properly denied Hunter's request to join ASCAP as a party in this copyright infringement suit. Bourne, 990 F.2d at 937. Accord Leo Feist, Inc. v. Young, 138 F.2d
 
 
 28
 972 (7th Cir.1943); Hulex, 698 F.Supp. at 1030 (holding ASCAP cannot be liable as a third-party defendant).
 
 
 29
 Accordingly, we find that the district court did not abuse its discre tion in refusing to grant Kisner's motion to amend his answer to add
 
 
 30
 ASCAP as a third-party defendant, and in refusing to alter or amend the judgment, because such amendment would have been futile.[4]
 
 III
 
 31
 For the reasons set forth above, we affirm the judgment of the dis trict court.[5]
 
 AFFIRMED
 
 
 [1]
 Kisner admitted the allegations of copyright infringement in his initial answer of January 29, 1992
 
 
 [2]
 Paragraph Two of the complaint states:
 Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendant's public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.
 (J.A. 4).
 
 
 [3]
 Kisner's notice of appeal specifies that he appeals the June 28, 1993, order denying his motion to alter or amend judgment. The underlying motion, however, involves Kisner's June 22, 1992, motion to withdraw his answer and to file an amended answer to add additional parties
 
 
 [4]
 Although Kisner's statement of the issues on appeal makes no reference to the scope of the injunction granted to the Copyright Owners by the district court, Kisner devotes a page of his brief to this issue. In any event, we find that Kisner's contentions are without merit. Accordingly, we also affirm the district court's injunction which prohibits Kisner from playing any and all copyrighted music in the ASCAP repertory
 
 
 [5]
 The Copyright Owners have requested costs and attorney's fees for this appeal pursuant to 17 U.S.C. Sec. 505 and Fed. R.App. P. 38. We find, however, that Kisner's conduct on appeal does not rise to that level of egregiousness normally required for us to impose sanctions. Nor can we say that the appeal is frivolous. See, e.g., In re Lane, 991 F.2d 105 (4th Cir.1993). Accordingly, an award of costs and attorney's fees is unwarranted in this case