**SUPERHYPE PUBLISHING, INC.; J. Albert & Son (USA) Inc.; and Doors Music Company, Plaintiffs,**

v.

**PARROTT DEVELOPMENT CORPORATION; and Stephen A. Parrott, Defendants.**

**No. 1:94–CV–641.**

United States District Court, W.D. Michigan.

July 14, 1995.

Sandra L. Jasinski, Honigman, Miller, Schwartz & Cohn, Lansing, MI, for plaintiffs Superhype Pub., Inc., J. Albert & Son (USA) Inc., Doors Music Co.

Peter P. Walsh, Napieralski & Walsh, PC, Grand Rapids, MI, for defendants Parrott Development Corp., Stephen A. Parrott.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on plaintiffs' appeal of the Magistrate Judge Doyle A. Rowland's Order entered May 9, 1995 that granted in part defendants' motion to compel discovery. Magistrate Judge Rowland ruled that plaintiffs had to respond fully to defendants' Interrogatory 5, as well as certain other interrogatories and requests to admit. The appeal is limited solely to the order to respond to Interrogatory 5.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge "... may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See e.g.*, *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Cipollone v. Liggett Group Inc.*, 106 F.R.D. 573, 579 (S.D.N.Y.1985).

The underlying complaint alleges copyright infringement, in violation of 17 U.S.C. § 504(c)(1). Allegedly, performances of certain musical compositions occurred on the premises of defendants' business, Parrott's Lounge, even though defendants failed to seek or obtain a license from either plaintiffs or from the American Society of Composers, Authors and Publishers ("ASCAP"), which is a performing rights licensing organization to which plaintiffs are members.

■ For statutory damages, factors to consider include profits reaped by defendants from the infringement, the resulting revenues lost by plaintiffs, and the state of mind of the defendant infringer, that is, whether the acts constituting infringement were willful and knowing, or merely innocent. *Pedrosillo Music, Inc. v. Radio Musical Inc.*, 815 F.Supp. 511, 517 (D.P.R.1993).

Interrogatory 5 requests a response to the following:

State the following concerning each establishment licensed to sell alcoholic beverages by the Michigan Liquor Control Commission and licensed by ASCAP in Ottawa, Kent and Muskegon counties:

a. Identity of the licensee including name, address, telephone number and manager's name.

b. License fees charged in 1993 and 1994 for each establishment and the method used to calculate each fee.

c. Attach a copy of each license agreement and fee calculation sheet to your Answers.

Plaintiffs objected to the interrogatory, claiming it was overbroad, burdensome, irrelevant, and not calculated to lead to discovery of admissible evidence. Plaintiffs noted that although the request was limited to three counties, ASCAP's records are maintained on a statewide basis and do not identify the counties of the listed establishments. Consequently, argued plaintiffs, the review would involve hundreds of licensing agreements to determine whether the establishments were located in the three-county area. In addition, plaintiffs asserted that the licensing agreements do not identify whether the establishments possess liquor licenses from the Michigan Liquor Control Commission, as such do not themselves affect the license fees charged. Finally, in lieu of answering the interrogatory, plaintiffs asserted that the burden of ascertaining the information requested in Interrogatory 5 from AS-CAP records and Michigan Liquor Control Commission records fell substantially the same on both plaintiffs and defendants, and offered to make ASCAP records available in Mentor, Ohio, subject to a protective order.

Magistrate Judge Rowland found the record reflected that the Parrott Lounge had been offered ASCAP licenses in 1993 and 1994 for fees of differing amounts: $1090 and $840, respectively. As noted by defendants, pursuant to the Amended Consent Judgment entered in *United States v. ASCAP*, Civil Action No. 13–95 (S.D.N.Y. March 14, 1950), ASCAP was to avoid discrimination in license fees charged to similarly situated music users. Therefore, he agreed with defendants that in light of the different fees offered to Parrott's Lounge, Interrogatory 5 was relevant to the issue of plaintiffs' lost revenues as part of the statutory damages being sought, as the appropriate measure of the license fees that can properly be imposed is limited by the Amended Consent Decree. He also found that plaintiffs' offer to provide defendants with access to the business records of ASCAP was not a sufficient response, stating that plaintiffs had control over the ASCAP records in Mentor, Ohio and could respond to Interrogatory 5 with minimal burden.

Plaintiffs argue that the fees that are charged vary greatly depending on the entertainment policy and the capacity of the establishments. Here, they assert that the different license fees offered in 1993 and 1994 to Parrott's Lounge were due to a change in the cover charge policy that occurred. Finally, they argue that even if the fee charging practices of ASCAP with respect to Parrott's Lounge have been discriminatory, this issue is not relevant in the present case, but rather is a matter to be left to the court having jurisdiction over the Amended Consent Decree.

I agree with plaintiffs that there was no lawful basis for the magistrate judge's order. Although I do not believe the request was particularly burdensome, as asserted by plaintiffs, I cannot find that the evidence about other establishments is relevant or likely to lead to admissible evidence. Furthermore, I find that the evidentiary basis for the order is not supported by the facts. Magistrate Judge Rowland relied upon the fact that ASCAP had offered a different licensing fee in 1994 as opposed to 1993. In their brief in support of their motion, plaintiffs explain that the difference was due to a change in the entertainment policy at Parrott's Lounge concerning eliminating cover charges. Defendants note that they were being pressured by ASCAP to accept a "deal" in 1993: pay the $1,090 for 1993 and the fees for 1991 and 1992 would be forgiven. However, this is not evidence of discriminatory or unreasonable fees.

In addition, whether fees requested by AS-CAP are discriminatory or unreasonable is a matter to be raised in a petition with the Southern District of New York, which issued the Amended Consent Decree. *Bourne Co. v. Hunter Country Club, Inc.,* 990 F.2d 934, 938 (7th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 308, 126 L.Ed.2d 256 (1993); *Hulex Music v. Santy,* 698 F.Supp. 1024, 1030 (D.N.H.1988).

For the foregoing reasons, I agree with plaintiffs that there is no basis in law for ordering them to respond to Interrogatory 5, as was required by the Order issued by the magistrate judge. Plaintiffs have met their burden of proving the order was "clearly erroneous or contrary to law." The license fees offered or received by ASCAP from

8

other establishments are irrelevant. Therefore, the appeal is GRANTED and the May 9, 1995 Order is REVERSED as to Interrogatory No. 5.